# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHANNA STRYKUL,**

       **Plaintiff,**

**v.**                                     **Case No:    6:14-cv-211-Orl-31GJK**

**PRG PARKING ORLANDO, L.L.C.,**

       **Defendant.**

## ORDER

This matter is before the Court on Defendant PRG Parking Orlando, L.L.C.'s ("PRG") Motion for Summary Judgment (Doc. 14), the Plaintiff's Memorandum in opposition (Doc. 26) and Motion for leave to file Amended Complaint (Doc. 29), and the Defendant's Response in Opposition to the Motion to Amend combined with its Reply in Support of its Motion for Summary Judgment ("Response") (Doc. 35).

    **I.**      **Background**

The Plaintiff alleges her former employer engaged in discriminatory practices that violate Title VII of the Civil Rights Act of 1964. Plaintiff was a dispatcher for PRG, who operates an airport parking and shuttle service. The Plaintiff claims the Defendant terminated her employment in response to reporting her supervisor's sexual harassment. In filing this suit, the Plaintiff named an entity that did not employ her, PRG Parking Orlando, L.L.C., n/k/a TPS Parking Orlando, L.L.C. d/b/a The Parking Spot Orlando, as the Defendant (Docs. 1, 26). After the statute of limitations had run, Plaintiff discovered that TPS Parking Management, L.L.C.—a related company—is the proper Defendant. The filings indicate that both companies work together to undertake the parking and shuttle service. The Plaintiff now moves to amend and change the Defendant to her employer. Soon

after the Complaint was filed, the Defendant filed a Motion to Dismiss (Doc. 14) that was converted to a Motion for Summary Judgment by Order dated March 18, 2014 and pursuant to Federal Rule of Civil Procedure 12(d) (Doc. 16). In the Defendant's Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion to Amend, the Defendant claims that the Motion to Amend should be denied because the statute of limitations has run, with respect to the proper defendant. The Plaintiff's amendment would not be time-barred however, if the Court permits the Amended Complaint to relate back to the original filing, thus curing the statute of limitations issue.

**II.     Standard**

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324–25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing

sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324–25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### III.   Analysis

At issue in this case is whether the Plaintiff should be permitted to name the correct Defendant after the statute of limitations has run.[1] To do so would require the Amended Complaint to relate back to the original date of the Complaint. Relation back is governed by Federal Rule of Civil Procedure 15(c)(1)(C). *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). In *Krupski*, the Supreme Court noted:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.* at 550. When a plaintiff moves to add a formerly unnamed defendant after the statute of limitations has run, there are four steps in the relation back analysis: (1) the claim or defense must arise out of the same actions set forth in the original pleading; (2) the proper party must have had notice of the action so it will not be prejudiced; (3) the proper party must have received that notice within the time period of Rule 4(m), 120 days; (4) the proper party must either have known or should

---

[1] The Defendant also argues that service of process was untimely. (*See* Doc. 14 at 3). However, this argument is without merit. The state court granted Plaintiff an extension until February 1, 2014 to effect service. (Doc. 26-1). Service was accomplished before the deadline, on January 24, 2014. (*See* Doc. 14 at 1-2). Title 28 U.S.C. § 1450 states "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." This Court sees no reason to modify the Circuit Court's ruling and finds that service was timely.

have known the action would have been brought against it but for a mistake of identity. *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (reciting circumstances when relation back is permitted under Rule 15). A mistake is defined as "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary (9th ed. 2009). When two corporate entities are closely related and have similar names, choosing the wrong one is readily explainable as a mistake. *See Krupski*, 560 U.S. at 556 (noting that when companies are related and have similar names those factors "heighten the expectation that [the correct defendant] should suspect a mistake has been made when [incorrect defendant] is named in a complaint that actually describes the [correct defendant's] activities"). Further, merely knowing that both entities exist does not foreclose the Plaintiff from claiming a mistake.[2] *See id.* at 548. Accordingly, if the Plaintiff misunderstood the corporate structure of the related entities, such that it resulted in a mistake concerning her employer's proper identity, then the Amended Complaint should relate back.

The Plaintiff states that the original choice of the Defendant was a mistake due to the closely related functioning of the companies. (*See* Doc. 26 at 3). Further, both PRG Parking Orlando, L.L.C. and PRG Parking Management, L.L.C. have undergone name changes since the time of Plaintiff's employment. (*See* Docs. 26-2; 26-3 (PRG Parking Orlando is now known as TPS Parking Orlando, L.L.C. and PRG Parking Management is now known as TPS Parking Management, L.L.C.)).

---

[2] The Court clarified its position, noting:

> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake.

*Krupski*, 560 U.S. at 549.

Following Plaintiff's termination, the related companies both changed from the PRG prefix in their name to TPS. Plaintiff asserts her mistake was picking the "parking" company rather than the "management" company. The fact that both shared prefixes at the relevant timeframe makes the Plaintiff's mistake more understandable.

The rule precluding relation back is designed, at least in part, to prevent a plaintiff from naming a "John Doe" defendant and, after the statute of limitation had run, amend the pleadings to include the correct defendant effectively circumventing the statute of limitations. *See Lelieve v. Orosa*, 10-23677-CIV, 2011 WL 5103949, at *4 (S.D. Fla. Oct. 27, 2011) (observing that "John Doe" pleadings cannot be used to circumvent statute of limitations). That is not what happened here. The Plaintiff selected one entity—admittedly the wrong one—she thought was her employer. In Defendant's Response, it points to a Florida Commission on Human Relations Technical Assistance Questionnaire where the Plaintiff identifies the correct entity. (*See* Doc. 35-2). However, this identification was only for purposes of providing an address, and does not demonstrate a lack of mistake. The Defendant also argues that because Plaintiff's W-2 forms stated her proper employer, failing to name TPS Parking Management L.L.C. as the Defendant was not a mistake. (*See* Doc. 35-1). However, this only establishes that the Plaintiff had access to a document identifying her employer. The Plaintiff knew that Defendant's operation relied on a set of related businesses and that knowledge does not demonstrate a thoughtful decision to pursue the wrong one. The intertwining relationship of these two entities makes a mistake in naming the proper defendant understandable, if not expected in this case.

Finally, due to the intertwining relationship of the two companies, TPS Parking Management L.L.C. would not be prejudiced in defending this case on the merits. Both companies' Applications for Authority to Transact Business in Florida are signed by the same person, Chief Financial Officer,

- 5 -

Jane E. Moody. (*See* Docs. 26-2; 26-3). In addition, both entities share the same address and employ the same General Counsel. (*See* Docs. 26-4; 26-5 (address identified in Detail by Entity Name, Florida Department of State, Division of Corporations); Doc. 26-6 (Texas public filing identifying Kelly Stonebraker as General Counsel for TPS Parking Management, L.L.C.); Doc. 14-3 (declaration of Kelly Stonebraker identifying himself as General Counsel for TPS Parking Orlando, L.L.C.)). The proper party was on notice of the action simultaneously with the improperly named entity and but for Plaintiff's mistake in naming the incorrect party, TPS Parking Management, L.L.C. knew or should have known that Plaintiff intended to bring this action against it.[3] Therefore, TPS Parking Management, L.L.C. would not be surprised by being substituted as the proper party Defendant. Simply put, there is no prejudice here.

The only thing the proposed Amended Complaint changes is the name of the Defendant. (Doc. 29-1). The Plaintiff has shown that this case meets the requirements of Rule 15(c)(1)(C), accordingly, the Second Amended Complaint relates back to the original filing.

It is therefore,

---

[3] The Defendant argues that the Plaintiff is time-barred from relation back. (*See* Doc. 35 at 4-5) (basing argument on Fed. R. Civ. P. 15(c)(1)(C)'s incorporation of Rule 4(m)'s 120-day time limit to serve). This argument is without merit for the same reason as the insufficient service of process argument. As previously stated, the Florida Circuit Court granted Plaintiff an extension to serve process. Relation back is permitted outside the 120-day limit when a court has extended time to serve. *See Hodge v. Orlando Utilities Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 WL 5067758, at *5-6 (M.D. Fla. Dec. 15, 2009) (noting relation back is permissible outside 120-day limit when service deadline extended); *Cf. Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-1133 (11th Cir. 2005) (noting court's discretion to extend service timeframe).

**ORDERED**, Defendant's Motion for Summary Judgment (Doc. 14) is **DENIED**, Plaintiff's Motion for leave to amend (Doc. 29) is **GRANTED** and Plaintiff's Amended Complaint (Doc. 29-1) is deemed Filed as of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 9, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party