UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHANNA STRYKUL,

      Plaintiff,

v.                                    Case No:   6:14-cv-211-Orl-31GJK

PRG PARKING ORLANDO, L.L.C.,

      Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO QUANTIFY ATTORNEY'S FEES REGARDING MOTION TO COMPEL (Doc. No. 44)
>
> **FILED:** July 30, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND.**

On July 15, 2014, the Court entered an order (the "Order") granting Defendant's Motion to Compel Plaintiff's Full Compliance with Initial Disclosure Requirements (the "Motion to Compel") as unopposed.  Doc. No. 40.  The Court awarded Defendant its reasonable attorneys' fees in bringing the Motion to Compel, and directed the parties to confer in a good faith effort to resolve the amount of attorneys' fees to be awarded.  *Id*. at 2.  If the parties were unable to reach an agreement on the amount of attorneys' fees within the time prescribed in the Order, Defendant could file a motion to quantify its attorneys' fees.  *Id*.

On July 30, 2014, Defendant filed a Motion to Quantify Attorney's Fees Regarding Motion to Compel (the "Motion") requesting a total of $1,171.50 in attorneys' fees. Doc. No. 44. Defendant represents that it "engaged in good faith efforts to confer with Plaintiff's counsel regarding the amount due for attorney's fees" prior to the deadline imposed by the Court, but Plaintiff objected to the requested fees indicating that she "would only agree to pay $400-$500." *Id.* at 2-3. Accordingly, Defendant filed the Motion, to which it attached time sheets detailing the time spent in bringing the Motion to Compel and declarations of counsel attesting to the reasonableness of their hourly rates and time spent in bringing the Motion to Compel. Doc. Nos. 44; 44-3; 44-4. The Motion is unopposed.

## II.  ANALYSIS.

Plaintiff requests that it be award a total of $1,171.50 in attorneys' fees for bringing the Motion to Compel. Doc. No. 44 at 3. In the Eleventh Circuit, the reasonableness of the attorneys' fees requested is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Id.*

Jill Cheskes, Esq. and Jennifer Yencarelli, Esq., performed work in bringing the Motion to Compel. *See* Doc. Nos. 44-3; 44-4. The chart below reflects the total amount of time Ms.

Cheskes and Ms. Yencarelli spent in bringing the Motion to Compel and their requested hourly rates:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ms. Cheskes | 1.2 | $385.00 | $462.00 |
| Ms. Yencarelli | 2.2 | $215.00 | $473.00 |
| | | | **$935.00** |

Doc. Nos. 44-3; 44-4. While Defendant requests $1,171.50 in fees, the declarations and time sheets attached to the Motion reveal that Defendant incurred only $935.00 in fees for bringing the Motion to Compel. *Compare* Doc. No. 44 at 3 *with* Doc. Nos. 44-3; 44-4. It appears this discrepancy was caused by adding the fees incurred in drafting the Motion to Compel twice.[1] In any event, Defendant, by its own calculations, is entitled to no more than $935.00.

Ms. Cheskes, who is admitted to this Court pro hac vice, has practiced law for eighteen (18) years, with much of her practice devoted to employment litigation. Doc. No. 44-3 at ¶ 3. Ms. Cheskes' customary hourly rate for Defendant is $385.00. *Id*. at ¶ 4. Ms. Yencarelli has practiced law for six (6) years, with much of her practice devoted to civil litigation. Doc. No. 44-4 at ¶¶ 2-3. Ms. Yencarelli's hourly rate for this case is $215.00. *Id*. at ¶ 4. The time spent in bringing the Motion to Compel was devoted to review of Plaintiff's Rule 26 disclosures, correspondence between Ms. Cheskes and Ms. Yencarelli concerning deficiencies with Plaintiff's Rule 26 disclosures, conferral with opposing counsel, and drafting the Motion to Compel. Doc. Nos. 44-3 at 3; 44-4 at 3.

---

[1] Ms. Yencarelli spent 1.1 hours drafting the Motion to Compel at an hourly rate of $215.00, resulting in a $236.50 fee. Doc. No. 44-4 at 3.

The issue that triggered the Motion to Compel was not complex. Moreover, the undersigned questions the reasonableness of Ms. Cheskes' requested hourly rate.[2] Nevertheless, the Motion is unopposed, and "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 30 at 5. Therefore, in this instance, the undersigned finds the hourly rates requested and the hours expended in bringing the Motion to Compel are reasonable. Accordingly, it is **RECOMMENDED** that the Court award Defendant a total of $935.00 in attorneys' fees for bringing the Motion to Compel.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 44) be **GRANTED in part** and **DENIED in part**;

2. The Court award Defendant $935.00 in attorneys' fees against the Plaintiff; and

3. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 22, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] For instance, Defendant cites no cases from this District involving a claim of discrimination under Title VII where an attorney with comparable experience was awarded a $385.00 hourly rate or greater. See Doc. Nos. 44; 44-3.