# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHANNA STRYKUL,**

      **Plaintiff,**

**v.**                                               **Case No:   6:14-cv-211-Orl-31GJK**

**PRG PARKING ORLANDO, L.L.C.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO QUANTIFY ATTORNEY'S FEES REGARDING MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S INITIAL DISCOVERY (Doc. No. 53)** |
| **FILED:** | **January 13, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

On December 30, 2014, the Court entered an order (the "Order") granting Defendant's Motion to Compel Plaintiff's Responses to Interrogatories and Request to Produce (the "Motion to Compel") as unopposed.  Doc. No. 50.  The Court awarded Defendant its reasonable attorneys' fees in bringing the Motion to Compel, and directed the parties to confer in a good faith effort to resolve the amount of attorneys' fees to be awarded.  *Id*. at 2-3.  If the parties were

unable to reach an agreement on the amount of attorneys' fees within the time prescribed in the Order, Defendant could file a motion to quantify its attorneys' fees. *Id*. at 3.

On January 13, 2015, Defendant filed a Motion to Quantify Attorney's Fees Regarding Motion to Compel Plaintiff's Responses to Defendant's Initial Discovery (the "Motion") requesting a total of $619.00 in attorneys' fees. Doc. No. 53. Defendant represents that it "engaged in good faith efforts to confer with Plaintiff's counsel regarding the amount due for attorneys' fees" prior to the deadline imposed by the Court. *Id*. at 2. Despite Defendant's repeated attempts to confer with Plaintiff's counsel, Defendant was unable to reach and confer with Plaintiff regarding the amount of attorneys' fees to be awarded. *Id*.[1] Thus, Defendant filed the Motion, to which it attached time sheets detailing the time spent in bringing the Motion to Compel and declarations of counsel attesting to the reasonableness of their hourly rates and time spent in bringing the Motion to Compel. Doc. Nos. 53; 53-4; 53-5. The Motion is unopposed.

## II.  ANALYSIS.

Defendant requests that it be award a total of $619.00 in attorneys' fees for bringing the Motion to Compel. Doc. No. 53 at 3. In the Eleventh Circuit, the reasonableness of the attorneys' fees requested is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.

---

[1] Defendant's counsel represents that they attempted confer with Plaintiff's counsel on the following occasions: 1) on January 6, 2015, via email; 2) on January 7, 2015, via telephone and a follow-up letter; and 3) on January 12, 2015, via telephone, a voicemail, and a follow-up letter. Doc. Nos. 53 at 2-3; 53-1; 53-2; 53-3.

1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Id*.

Jill Cheskes, Esq. and Jennifer Yencarelli, Esq., performed work in bringing the Motion to Compel. *See* Doc. Nos. 53-4; 53-5. The chart below reflects the total amount of time Ms. Cheskes and Ms. Yencarelli spent in bringing the Motion to Compel and their requested hourly rates:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ms. Cheskes | 0.1 | $385.00 | $38.50 |
| Ms. Yencarelli | 2.7 | $215.00 | $580.50 |
| | | | **$619.00** |

Doc. Nos. 53-4 at 3-4; 53-5 at 3. Ms. Cheskes, who is admitted to this Court pro hac vice, has practiced law for eighteen (18) years, with much of her practice devoted to employment litigation. Doc. No. 53-5 at ¶ 3. Ms. Cheskes' customary hourly rate for Defendant is $385.00. *Id*. at ¶ 4. Ms. Yencarelli has practiced law for six (6) years, with much of her practice devoted to civil litigation. Doc. No. 53-4 at ¶¶ 2-3. Ms. Yencarelli's hourly rate for this case is $215.00. *Id*. at ¶ 4. The time spent in bringing the Motion to Compel was devoted to correspondence between Ms. Cheskes and Ms. Yencarelli concerning Plaintiff's failure to respond to Defendant's Interrogatories and Request to Produce, conferral with opposing counsel, and drafting the Motion to Compel. Doc. No. 53-4 at 4.

The issue triggering the Motion to Compel was not complex. The Motion provides little support for the reasonableness of Ms. Cheskes' requested hourly rate. In fact, Defendant cites no cases from this District involving a claim of discrimination under Title VII or a similar discrimination claim where an attorney with comparable experience was awarded a $385.00 hourly

rate or greater. *See* Doc. Nos. 53; 53-5. Nevertheless, the Motion is unopposed, and "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 30 at 5. In addition, the total amount of fees claimed appears to be reasonable. Therefore, in this instance, the undersigned finds the hourly rates requested and the hours expended in bringing the Motion to Compel are reasonable. Accordingly, it is **RECOMMENDED** that the Court award Defendant a total of $619.00 in attorneys' fees for bringing the Motion to Compel.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 53) be **GRANTED**; and

2. The Court award Defendant $619.00 in attorneys' fees against Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this matter.**

Recommended in Orlando, Florida on February 3, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy